IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| RON ALLEN HUNTER, Jr.,<br><br><br>Petitioner<br><br>v.<br><br>THE COMMONWEALTH OF<br>PENNSYLVANIA, et al,<br><br><br>Respondents | 1:25-CV-00234-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION ON<br>RESPONDENTS' MOTION TO DISMISS<br>AND PETITIONER'S PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>ECF Nos. 5 and 17 |

I.    Introduction

This matter is before the Court upon Petitioner Ron Allen Hunter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] [ECF No. 5] and Respondents' motion to dismiss that petition [ECF No. 17]. For the following reasons, Respondents' motion will be granted, Petitioner's petition will be denied, and no certificate of appealability will issue.

II.    Background

Petitioner, a state pretrial detainee, is currently incarcerated at the Erie County Prison during the pendency of criminal proceedings in the Court of Common Pleas of Erie County at Docket No. CP-25-CR-0000172-2026. *See* ECF No. 5. A review of Petitioner's state court docket

---

[1] For reasons discussed below, the Court will evaluate Petitioner's filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241 rather than § 2254.

1

indicates that he was charged with strangulation, simple assault, and harassment in an incident and criminal complaint dated July 5, 2025. *See Commonwealth v. Hunter*, Docket No. MJ-06104-CR-0000448-2025. Following a preliminary hearing on January 9, 2026, all charges were held for court. *Id*. A review of the criminal docket at CP-25-CR-0000172-2026 indicates that a formal arraignment has not yet been scheduled and that a *Grazier* hearing was held on May 1, 2026. *See Commonwealth v. Hunter*, CP-25-CR-0000172-2026. A notation indicates that the matter is currently awaiting a decision on appeal from the Pennsylvania Superior Court. *Id*.

Amid these state court proceedings, Petitioner initiated the instant federal habeas action on August 6, 2025. ECF No. 1. Petitioner maintains that his incarceration is unlawful because he "was never arraigned on charges," his bike was unlawfully taken by the police, an officer dropped and broke his phone screen, his probation officer violated his doctor's orders, and "there is no evidence as well as no hospital records" to support the charges against him. ECF No. 5. He seeks release from state custody, dismissal of all charges, and monetary and punitive damages. *Id*.

III.    Analysis

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). As such, a prisoner may ordinarily seek federal habeas relief pursuant to 28 U.S.C. § 2254, the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court," only after he has been convicted, sentenced, and has exhausted his remedies in the state courts. 28 U.S.C. § 2254(a) (emphasis added); *see also, e.g., Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001). Because Petitioner is a pretrial detainee and not yet "in custody pursuant to the judgment of a State court," he may not proceed under § 2254. *Id*.

Instead, the Court will construe Petitioner's filing as a challenge to his pretrial detainment under 28 U.S.C. § 2241.

While § 2254 applies to post-trial challenges, a state criminal defendant seeking relief *before* a state judgment has been rendered may proceed pursuant to the more general habeas corpus statute, 28 U.S.C. § 2241, in very limited circumstances. In pertinent part, § 2241 provides that the writ of habeas corpus is available to a petitioner who is "*in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2241(c)(3) (emphasis added). This language provides a state criminal defendant with a mechanism to challenge the legality of his pre-trial confinement in a federal habeas action by arguing that he should not be in custody because, for example: (1) his upcoming trial will violate his rights under the Double Jeopardy Clause, *see, e.g., United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g., Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g., Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981). In all circumstances, the court's "jurisdiction must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 Fed. Appx. 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Importantly, state pre-trial detainees seeking federal habeas relief must first exhaust their state-court remedies. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional la . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden*, 410 U.S. at 490-91); *Moore*, 515 F.2d at 442 (no distinction between § 2254 and § 2241 "insofar as the

exhaustion requirement is concerned"). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See also Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). To that end, the United States Supreme Court has held that a petitioner must "invoke *one complete round of the State's established appellate review process*" to satisfy the exhaustion requirement. *O'Sullivan*, 526 U.S. at 845 (emphasis added). It is the petitioner's burden to demonstrate that he has done so. *See, e.g., Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coady*, 251 F.3d at 488.

Petitioner has not met this burden with respect to his claim. Courts have routinely held that pre-trial detainees "should pursue the remedies available in the state court action" through pre-trial motions and, if unsuccessful, through the state appellate process. Although Petitioner contends that his detention is unlawful because, among other things, he has not yet been arraigned and there is no evidence of his guilt, he has not demonstrated that he has afforded the state courts a meaningful opportunity to consider those allegations. As such, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447-48.[2]

---

[2] *Younger* abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being
*Footnote continued on the next page*

In the instant case, Petitioner is currently engaged in an ongoing state judicial proceeding as an active participant in his own defense in a state criminal prosecution.  Those proceedings implicate the state's important interest in enforcing its own criminal laws.  As discussed above, Petitioner can raise his constitutional claims in the context of his state criminal proceedings through pretrial motions and, if necessary, resort to the state appellate process.  Granting his request for relief would plainly interfere with those proceedings.  Thus, out of deference to the state judicial process, the Court must decline Petitioner's invitation to invalidate the criminal proceedings against him and abstain from entertaining his petition.  *See*, *e.g.*, *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992) ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.")

III.    Conclusion

For the foregoing reasons, Respondents' motion to dismiss will be granted and Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 will be denied.  And, because jurists of reason would not find this disposition to be debatable, a certificate of appealability is likewise denied.[3]  Said denial is without prejudice to Petitioner's right to timely file another habeas petition (under either 28 U.S.C. § 2254 or § 2241, as the circumstances warrant) if he properly exhausts his available state-court remedies and satisfies any other applicable procedural prerequisites.

An appropriate order will follow.

---

challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised.  *Id.* at 670 n. 4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448. *See also* Brian R. Means, Postconviction Remedies, § 10.3 Westlaw (database updated July 2020).

[3] *See*, *e.g.*, *Reese v. Pennsylvania*, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (collecting cases for the proposition that the certificate of appealability requirement applies to Section 2241 petitions filed by state pre-trial detainees); *Moore v. Westmoreland County District Attorney's Office*, 2020 WL 6322817, at *1 n. 1 (W.D. Pa. Oct. 28, 2020) (same).

DATED this 9th day of June, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge